# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| AMANDA CLARE, individually and on behalf of a class of all other persons similarly situated, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GREATBANC TRUST COMPANY, )<br>LONG POINT CAPITAL, INC., )<br>LONG POINT CAPITAL FUND II, L.P., )<br>LONG POINT CAPITAL PARTNERS II, L.P., )<br>LONG POINT CAPITAL FUND III, L.P., and )<br>LONG POINT CAPITAL PARTNERS III, L.P., )<br>)<br>Defendants. )<br>) | Case No. 1:21-cv-00367<br><br>Hon. Harry D. Leinenweber |

## DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR
## MOTION TO TRANSFER VENUE

**TABLE OF CONTENTS**

INTRODUCTION .................................................................................................................. 1
FACTUAL BACKGROUND ................................................................................................ 2
    I.    The 2016 ESOP Transactions. ................................................................................ 2
    II.    The SDNY Class Action. ........................................................................................ 4
    III.    Plaintiff and the Proposed Illinois Class. ................................................................ 5
    IV.    Plaintiff's Allegations of Wrongdoing by Defendants. ........................................... 5
LEGAL STANDARD ............................................................................................................ 6
    I.    Venue And Jurisdiction Are Proper In Both This Court And The Southern District Of New York. .............................................................................................. 7
    II.    Interests Of Justice Favor Transfer To The Southern District Of New York. ................ 7
        A.    The Pendency of an Earlier-Filed Related Litigation in the Southern District of New York Mandates Transfer. ............................................................. 8
        B.    The Southern District Of New York Has Equal Or Greater Familiarity With Applicable Law. ...................................................................................... 10
        C.    The New York Community Has A Stronger Interest In Hearing This Dispute. . . 10
        D.    The Likely Speed Of Resolution Favors Transfer. ................................................ 10
    III.    The "Convenience" Factors Favor Transfer To The Southern District Of New York. . 11
        A.    Plaintiff's Choice Of Forum Is Entitled To Minimal, If Any, Deference. ........... 11
        B.    The Bulk Of The Material Events Took Place In New York. ............................. 12
        C.    New York Courts Have Greater Relative Access To The Proofs. ...................... 12
        D.    A New York Forum Is More Convenient For The Witnesses. ............................ 13
        E.    A New York Forum Is More Convenient For The Parties. ................................. 14
CONCLUSION .................................................................................................................... 14

# TABLE OF AUTHORITIES

**Cases**                                                                                                                                                            **Page(s)**

*Bryant v. ITT Corp.*,
    48 F. Supp. 2d 829 (N.D. Ill. 1999) ........................................................................................10

*Chambers v. N. Am. Co. for Life & Health Ins.*,
    No. 1:11-CV-3528, 2011 WL 5868214 (N.D. Ill. Nov. 18, 2011) ............................................11

*Cont'l Illinois Nat. Bank & Tr. Co. of Chicago v. Stanley*,
    606 F. Supp. 558 (N.D. Ill. 1985) ..............................................................................................8

*Craik v. Boeing Co.*,
    37 F. Supp. 3d 954 (N.D. Ill. 2013) ...............................................................................7, 10, 11

*Crothall Laundry Servs., Inc. v. OSF Health Care Sys.*,
    No. 17-cv-8928, 2018 WL 1695364 (N.D. Ill. Apr. 6, 2018)....................................................2

*Hanley v. Omarc, Inc.*,
    6 F. Supp. 2d 770 (N.D. Ill. 1998) ............................................................................................7

*Jaramillo v. DineEquity, Inc.*,
    664 F. Supp. 2d 908 (N.D. Ill. 2009) ...............................................................................6, 9, 13

*ORD Structure Innovations, LLC v. Oracle Corp.*,
    No. 11-C-3307, 2011 WL 4435667 (N.D. Ill. Sept. 22, 2011) .......................................6, 7, 11

*Plotkin v. IP Axess, Inc.*,
    168 F. Supp. 2d 899 (N.D. Ill. 2001) ......................................................................................13

*Preston v. Am. Honda Motor Co., Inc.*,
    No. 17-C-3549, 2017 WL 5001447 (N.D. Ill. Nov. 2, 2017) .............................................8, 10

*Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*,
    626 F.3d 973 (7th Cir. 2010) ....................................................................................................6

*Ritchie Capital Mgmt., LLC v. Jeffries*,
    No. 09-CV-07228, 2010 WL 768877 (N.D. Ill. Mar. 4, 2010).................................................9

*Rosen v. Spirit Airlines, Inc.*,
    152 F. Supp. 3d 1055 (N.D. Ill. 2015) ......................................................................7, 8, 9, 10

*Sickman v. Asset Recovery Sols., LLC*,
    No. 14-C-9748, 2015 WL 1911431 (N.D. Ill. Apr. 27, 2015).................................................14

*Spanier v. State Farm Mut. Auto. Ins. Co.*,
    No. 16-C-9410, 2017 WL 1833200 (N.D. Ill. May 8, 2017)............................................11, 12

**Statutes**

28 U.S.C. § 1404 ................................................................................................................2, 6, 11

29 U.S.C. § 1132(e)(2) .................................................................................................................7

Defendants GreatBanc Trust Company, Long Point Capital, Inc., Long Point Capital Fund II, L.P., Long Point Capital Partners II, L.P., Long Point Capital Fund III, L.P., and Long Point Capital Partners III, L.P. (collectively, "Defendants") submit this memorandum in support of their joint motion to transfer venue.

## INTRODUCTION

This matter should be transferred to the U.S. District Court for the Southern District of New York where there is already pending an earlier-filed putative class action against the same Defendants (in addition to other defendants not named in this case), that concerns overlapping factual issues, and that involves many of the same witnesses and documents. Both suits relate to the same 2016 ESOP Transactions through which New York-based EYP became 100% owned by an Employee Stock Ownership Plan ("ESOP"). Litigation would entail documents and testimony from many of the same witnesses and entities, most of whom are located in New York and other states besides Illinois. Plaintiff's Complaint here expressly acknowledges the overlap in the two lawsuits—the Complaint specifically references and relies on allegations made in the earlier-filed New York lawsuit. Transfer to New York would therefore avoid unnecessary duplication of judicial and party resources. It also would avoid the risk of inconsistent verdicts that could result from the legal and factual overlap being litigated separately, especially since Plaintiffs in the two actions seek monetary recovery from the same set of funds but seek to allocate them to different groups.

Moreover, the present case has only a nominal connection to Illinois. Plaintiff is not located here. None of the putative class members are located in Illinois either. And five of the six defendants are not located here. The only party that is located here is GreatBanc, but even its employee most closely involved with the 2016 ESOP Transactions resides in California. The New York community has a stronger interest in hearing this dispute, which concerns the affairs of a New York-headquartered corporation. And, the Southern District of New York is a more convenient forum for the parties and

third-party witnesses, especially since all of the Defendants and many third-party witnesses are parties themselves to the New York lawsuit. Accordingly, this action should be transferred to the Southern District of New York.

## FACTUAL BACKGROUND

The dispute in this case concerns the series of transactions in 2016 through which New York-based EYP Group Holdings, Inc. ("EYP") and its subsidiaries became 100% owned by an Employee Stock Ownership Plan, or "ESOP" (the "2016 ESOP Transactions"). Plaintiff, a Texas resident, purports to bring a class action on behalf of current and former participants in the ESOP, alleging that the ESOP "overpaid" for the EYP stock that it purchased. Plaintiff alleges that Defendant GreatBanc Trust Company ("GreatBanc"), the trustee of the ESOP, breached its fiduciary duties under ERISA by paying too much for the EYP stock based on a flawed valuation of EYP and allegedly "overly optimistic" financial projections. Plaintiff also claims that Defendants Long Point Capital, Inc., Long Point Capital Fund II, L.P., Long Point Capital Partners II, L.P., Long Point Capital Fund III, L.P., and Long Point Capital Partners III, L.P.—none of which have an Illinois presence— knowingly participated in these transactions in violation of ERISA's prohibited transaction rules.

### I. The 2016 ESOP Transactions.

As alleged in the Complaint, EYP is an architectural and engineering firm headquartered in New York. (Cmplt. ¶ 25.) EYP has ten offices in the United States (*id.*), but it does not have an office in the state of Illinois, or in any city within 500 miles of this Court. (*See* Declaration of Fred Kaseff ("Kaseff Decl.") at ¶ 6.)[1]

The Complaint alleges that, in June 2016, EYP entered into the 2016 ESOP Transactions. (Cmplt. ¶ 6.) Plaintiff alleges that in the 2016 ESOP Transactions, Defendant Shareholders (which the

---

[1] In ruling on a motion to transfer venue under 28 U.S.C. § 1404, a court may consider evidence outside the complaint, including undisputed facts presented in affidavits, depositions, stipulations or other relevant documents. *Crothall Laundry Servs., Inc. v. OSF Health Care Sys.*, No. 17-cv-8928, 2018 WL 1695364, at *4 (N.D. Ill. Apr. 6, 2018).

2

Complaint defines as all of the Long Point entities named in the Complaint) sold their EYP stock to EYP and that the ESOP purchased stock from EYP, resulting in EYP being 100% owned by the ESOP. (Cmplt. ¶¶ 6, 50-51.) As detailed below, the 2016 ESOP Transactions is nearly devoid of any contacts with Illinois; rather, most of those involved are located in New York.

None of the five Defendant Shareholders have any presence in Illinois. Defendant Long Point Capital, Inc. is headquartered in New York, NY, and has no offices or employees in Illinois. (Cmplt. ¶ 47; Declaration of Ira Starr ("Starr Decl.") at ¶¶ 2-3.) The majority of the Long Point Capital employees with knowledge of the 2016 ESOP Transactions reside in New York. None reside in Illinois. (Starr Decl. at ¶¶ 8-15.) Defendant Long Point Capital Fund II, L.P. was headquartered in New York, NY; it has no offices or employees in Illinois. Long Point Capital Partners II, L.P. was also headquartered in New York, NY and had no offices or employees in Illinois. Defendant Long Point Capital Fund III, L.P. is headquartered in New York, NY, and has no offices or employees in Illinois. And, Defendant Long Point Capital Partners III, L.P. is headquartered in New York with no offices or employees in Illinois. (Starr Decl. at ¶¶ 4-7.)

None of the members of the board of directors of EYP and its main subsidiaries involved in the 2016 ESOP Transactions reside in Illinois. Most reside in New York. (Starr Decl. at ¶¶ 8-15.) The ESOP itself is allegedly administered by New York-headquartered EYP. (Cmplt. ¶ 38.) The Plan and Trust Agreement governing the ESOP is construed, administered and enforced under New York law, to the extent not preempted by ERISA. (Kaseff Decl. at ¶ 11.)

The only party with any Illinois presence is Illinois-headquartered GreatBanc. But even there, the GreatBanc employee most closely involved in the 2016 ESOP Transactions resides in California. (Cmplt. ¶¶ 15, 48; Kaseff Decl. at ¶¶ 2, 4.) GreatBanc's advisors for the 2016 ESOP Transactions also are not located in Illinois. To GreatBanc's knowledge and belief, GreatBanc's valuation advisor for the 2016 ESOP Transactions, Stout Risius Ross, LLC ("SRR"), utilized employees in Virginia and

3

New York to perform its analysis. (Kaseff Decl. at ¶ 9.) Finally, to GreatBanc's knowledge and belief, the relevant K&L Gates attorneys (who represented GreatBanc, and not Long Point Capital as Plaintiff incorrectly alleges) in connection with the 2016 ESOP Transactions reside in Pennsylvania. (Kaseff Decl. at ¶ 10.)

## II. The SDNY Class Action.

On August 7, 2020, in a lawsuit filed in the U.S. District Court for the Southern District of New York captioned *Kohlberg et al. v. Birdsey et al.*, Case No. 1:20-cv-06250-ALC, eight individuals filed a putative class action against GreatBanc, each of the Long Point entities named in the present case, and certain former directors (the "SDNY Class Action"). The named plaintiffs in the SDNY Class Action (the "SDNY Plaintiffs") consist of holders of promissory notes issued by EYP or its subsidiary, EYP Holdings, Inc., who allege wrongdoing in connection with the June 2016 ESOP Transactions. (*See* SDNY Class Action at Dkt. 97 ("SDNY 3d. Am. Cmplt."), ¶¶ 28-35, 73; a true and correct copy is attached hereto as **Exhibit 1**.) The SDNY Plaintiffs allege federal court jurisdiction under ERISA, among other bases. (*Id.* ¶ 26.)

Like the Plaintiff in this action asserted over five months later, the SDNY Plaintiffs claim that, among other things, the ESOP paid too high a price for EYP stock in the 2016 ESOP Transactions, which was allegedly facilitated by conflicts of interest involving GreatBanc's prior work with Long Point Capital and purported sharing of counsel at K&L Gates. (*Id.* ¶¶ 8, 71-75.) The SDNY Plaintiffs claim that the allegedly flawed valuation used by GreatBanc in approving the ESOP's stock purchase was based on, in part, improper projections of EYP factoring in future business from SUNY Polytechnic Institute, a public university in New York. (*Id.* ¶¶ 11, 71.) The SDNY Plaintiffs claim the ESOP's overpayment caused EYP to become insolvent, rendering "worthless" the promissory notes that SDNY Plaintiffs allegedly received for their EYP stock. (*Id.* ¶¶ 191, 200.) The SDNY Plaintiffs further claim that GreatBanc violated ERISA by accepting an allegedly inflated valuation. (*Id.* ¶ 71.)

4

Based on these allegations, the SDNY Class Action seeks recovery to the SDNY Plaintiffs and other putative class members—those who received promissory notes issued by EYP and its subsidiaries as part of the 2016 ESOP Transactions or in a separate transaction that closed in December 2016 (*id.* ¶ 160)—of the payments that any of the Long Point entities received in connection with the 2016 ESOP Transactions, recovery of any "unjust enrichment" received by GreatBanc, damages to be paid directly to the SDNY Plaintiffs, and other relief. (*Id.* ¶¶ 210-12, 219, 221, 225.)

### III. Plaintiff and the Proposed Illinois Class.

Plaintiff filed her Complaint in this action on January 21, 2021, over five months after the SDNY Class Action. According to the Complaint, Plaintiff resides in Sherbrook, Texas, and is a current participant in the ESOP. (Cmplt. ¶ 14.) She purports to bring her claims on behalf of a class comprising "[a]ll participants in the EYP Employee Stock Ownership Plan . . . and the beneficiaries of such participants as of the date of the June 28, 2016 ESOP Transaction or anytime thereafter," with certain exclusions. (*Id.* ¶ 113.) Because the ESOP is wholly owned by EYP employees (*id.* ¶ 6), the proposed class, as defined by Plaintiff, would comprise current and former EYP employees and their beneficiaries.

*None* of the proposed class members are current residents of Illinois—consistent with EYP's lack of any office in Illinois. (Kaseff Decl. at ¶ 7.) By contrast, a substantial of ESOP participants are, or were at the time of their participation, employed at EYP's New York office. (Kaseff Decl. at ¶ 8.)

### IV. Plaintiff's Allegations of Wrongdoing by Defendants.

Following on to the earlier-filed SDNY Class Action, the Complaint here alleges that the ESOP "overpaid" for EYP stock in the 2016 ESOP Transactions, that this alleged overpayment was the result of a flawed valuation of EYP stock, and that the allegedly flawed valuation resulted from allegedly "unreasonably optimistic" projections. (Cmplt. ¶ 56.) Plaintiff expressly bases portions of her Complaint on allegations made by the SDNY Plaintiffs in the SDNY Class Action (*id.* ¶¶ 54-55,

5

58), and repeats many of the same factual allegations. (*See, e.g.*, *id.* ¶¶ 56 (alleging improper inclusion of SUNY Polytechnic Institute business in the valuation), 60-61 (alleging conflicts of interest based on prior business dealings between GreatBanc and Long Point Capital), 62-64 (alleging conflicts of interest based on purported shared use of counsel at K&L Gates).) Based on these allegations, Plaintiff asserts that GreatBanc violated its ERISA fiduciary duties, and that all of the Long Point entities knowingly participated in a prohibited transaction under ERISA. (Cmplt. ¶¶ 83, 95, 103, 112.) Unlike the SDNY Plaintiffs (who seek recovery for *EYP noteholders*), however, Plaintiff seeks recovery directly *to the ESOP* of the alleged overpayment in the 2016 ESOP Transactions. (Cmplt. at pp. 22-23.)

**LEGAL STANDARD**

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

On a Section 1404(a) motion, the movant must show, first, that venue and jurisdiction are proper in both the transferor and transferee courts. *ORD Structure Innovations, LLC v. Oracle Corp.*, No. 11-C-3307, 2011 WL 4435667, at *1 (N.D. Ill. Sept. 22, 2011) (Leinenweber, J.). If jurisdiction and venue are proper in both courts, transfer is proper where it is (i) "in the interest of justice" and (ii) serves "the convenience of the parties and the witnesses." *Id.* However, the statute "permits a 'flexible and individualized analysis' and affords district courts the opportunity to look beyond a narrow or rigid set of considerations in their determinations." *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010) (citation omitted).

The decision whether to transfer a pending lawsuit "relies heavily on consideration of the interests of justice, which 'may be determinative in a particular case, even if the convenience of the parties and witnesses might call for a different result.'" *Jaramillo v. DineEquity, Inc.*, 664 F. Supp. 2d 908, 915 (N.D. Ill. 2009) (citation omitted). Courts recognize that "[t]he administration of justice is served

6

more efficiently when the action is litigated in the forum that is 'closer to the action.'" *Hanley v. Omarc, Inc.*, 6 F. Supp. 2d 770, 777 (N.D. Ill. 1998) (citation omitted); *Craik v. Boeing Co.*, 37 F. Supp. 3d 954, 964 (N.D. Ill. 2013).

## ARGUMENT

I. **Venue And Jurisdiction Are Proper In Both This Court And The Southern District Of New York.**

As a threshold matter, venue is proper in both this District Court and the Southern District of New York. Under ERISA's broad venue provision, 29 U.S.C. § 1132(e)(2), venue is proper in any District "where the plan is administered, where the breach took place, or where a defendant resides or may be found." A defendant resides and may be found in both Districts. GreatBanc resides and may be found in this District. Long Point Capital resides and may be found in the Southern District of New York. Accordingly, venue is proper in both districts.

II. **Interests Of Justice Favor Transfer To The Southern District Of New York.**

Applying the interest-of-justice analysis, courts "do[] not consider the merits of the underlying claim, but rather the public's interest in conserving scarce judicial resources by 'efficient administration of the court system.'" *Rosen v. Spirit Airlines, Inc.*, 152 F. Supp. 3d 1055, 1063 (N.D. Ill. 2015) (citation omitted). "In determining which venue is more likely to result in the swift administration of justice, Courts in this Circuit analyze such factors as: (1) trying related litigation together; (2) having the trial before a judge who is familiar with the applicable law; and (3) the desire of communities to adjudicate matters that affect them directly." *Id.* Courts also consider "the speed at which the case the case will proceed to trial." *ORD Structure*, 2011 WL 4435667, at *2 (citation omitted). In the present case, the interest of justice dispositively favors granting this Motion and transferring this action to the Southern District of New York.

7

### A. The Pendency of an Earlier-Filed Related Litigation in the Southern District of New York Mandates Transfer.

"As a general rule, cases should be transferred to districts where related actions are pending." *Cont'l Illinois Nat. Bank & Tr. Co. of Chicago v. Stanley*, 606 F. Supp. 558, 564 (N.D. Ill. 1985). "Though the claims may be based on different underlying law, they may nonetheless be substantially similar if they are 'based on the same underlying facts.'" *Preston v. Am. Honda Motor Co., Inc.*, No. 17-C-3549, 2017 WL 5001447, at *7 (N.D. Ill. Nov. 2, 2017) (quoting *Jaramillo*, 664 F. Supp. 2d at 916 ("A court must consider the substance of a claim over the form when determining that a claim is duplicative.")). This is because it would be "wasteful and duplicative to have two different courts familiarize themselves with the controversy." *Preston*, 2017 WL 5001447, at *7 (citation omitted); *see also Rosen*, 152 F. Supp. 3d at 1064.

It is indisputable that this case and the earlier-filed SDNY Class Action will turn on the same or similar facts and issues. These common issues include, among other things: (i) whether the ESOP "overpaid" for EYP stock; (ii) the valuations of EYP used in the ESOP transactions, and various other valuation-related issues; (iii) what was known or knowable about EYP's business and how that information correlates to the information used in valuing EYP for purposes of the transaction; (iv) the remedy for any amounts alleged to have been wrongfully retained by GBTC and/or any of the Long Point entities; and (v) how to define the separate classes in each class action – if in fact plaintiffs in both cases satisfy their burden to establish each is appropriate for class certification – so that the classes in this action and the SDNY Class Action do not overlap.

Similarly, the document and oral discovery sought in this case and the SDNY Class Action will likely have extensive overlap. Indeed, every single defendant in this action is also a defendant in the SDNY Class Action, all of the EYP directors involved in the 2016 ESOP Transactions are defendants in the SDNY Class Action, and third-party witnesses are likely to overlap in the two actions as well. Having a single judge oversee discovery in the two cases will yield tremendous gains in

8

efficiency for the courts and the parties. *Rosen*, 152 F. Supp. 3d at 1064 (transfer to the court where a related action is pending allows the court to "be mindful of discovery issues common to both case," including by "impos[ing] a joint schedule or, short of that, craft[ing] a schedule for either case mindful of the other"); *Jaramillo*, 664 F. Supp. at 916 (N.D. Ill. 2009) (granting motion to transfer where "[a]llowing discovery and motion practice on these issues to proceed in two different district courts would mean the duplicative production of documents and witnesses and the briefing of near identical issues before different judges").

Beyond wasting judicial resources, parallel litigation in this Court and the SDNY Class Action poses a substantial risk of inconsistent rulings and verdicts. Not only do the two cases involve overlapping legal and factual issues that could be determined differently in the two forums, but the plaintiffs in both cases seek recovery of the *same funds*: among other things, Plaintiff seeks to have funds received by any of the Long Point entities and GreatBanc from the 2016 ESOP Transactions paid to the ESOP, while the SDNY Class Action seeks to have those same funds paid directly to the SDNY Plaintiffs. (Cmplt. at pp. 22-23; SDNY 3d Am. Cmplt. at pp. 66-67.)

As between this Court and the SDNY, the SDNY is the only jurisdiction of the two in which the cases could proceed before a single judge. The earlier-filed SDNY Class Action names as additional defendants individuals over which this court has no jurisdiction. (SDNY 3d Am. Cmplt. ¶¶ 36, 39-42, listing individual defendants and their states of residency of each, none of which are Illinois). This factor weighs dispositively in favor of transfer. *Ritchie Capital Mgmt., LLC v. Jeffries*, No. 09-CV-07228, 2010 WL 768877, at *4 (N.D. Ill. Mar. 4, 2010) (granting motion to transfer based on the "clear risk of inconsistent verdicts if this case were to proceed here, independent of the [pending foreign] action"); *Rosen*, 152 F. Supp. 3d at 1064 ("While granting the motion to transfer enables [multiple] efficiencies, denying the motion forecloses them and further creates the prospect of inconsistent rulings on discovery and dispositive motions.").

9

### B. The Southern District Of New York Has Equal Or Greater Familiarity With Applicable Law.

This action arises under ERISA, about which this Court and the Southern District of New York have equal familiarity. *Bryant v. ITT Corp.*, 48 F. Supp. 2d 829, 835 (N.D. Ill. 1999); *Rosen*, 152 F. Supp. 3d at 1065. To the extent legal issues arise that are not preempted by ERISA, the Plan and Trust Agreement governing the ESOP selects New York law, about which the Southern District of New York has greater familiarity. Accordingly, this factor favors transfer.

### C. The New York Community Has A Stronger Interest In Hearing This Dispute.

This dispute relates to the internal organization and affairs of a New York-headquartered company, so the New York community—the location of a substantial number of EYP's actual or potential future employees and plan participants for whose benefit the ESOP acts—"has a strong desire to resolve" the dispute and "has an invested stake in the matter such that the venue is 'closer to the action.'" *Craik*, 37 F. Supp. 3d at 963–64 (citation omitted). New York's interest is certainly greater than that of this District, whose only connection with the matter is an office of one of the six defendants in this suit. *Id.* (the fact that a defendant's "global headquarters" and "corporate management" were in Illinois was immaterial, where "much of the core of th[e] dispute formed" in the proposed transferee district).

### D. The Likely Speed Of Resolution Favors Transfer.

Finally, the relevant Federal Case Management Statistics ("FCMS") indicate that the case is likely to be resolved more quickly in the Southern District of New York. "To evaluate the speed at which a case will proceed, courts look to two statistics: '(1) the median number of months from filing to disposition for civil cases and (2) the median number of months from filing to trial for civil cases.'" *Preston*, 2017 WL 5001447, at *6 (citation omitted).

Both statistics favor the Southern District of New York. According to FCMS report for the period ending September 30, 2020, cases in this District take a median 10.6 months to reach final

10

disposition and 39.3 months to reach trial, while cases in the Southern District of New York take a median 6.6 months to reach final disposition and 31.4 months to reach trial. *See* https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0930.2020.pdf. This factor therefore weighs in favor of transfer.

### III. The "Convenience" Factors Favor Transfer To The Southern District Of New York.

To evaluate the "convenience of the parties and witnesses" under § 1404(a), courts consider multiple factors including: (1) the plaintiff's choice of forum; (2) the situs of the material events; (3) the relative ease of access to proof; (4) the convenience of the witnesses; and (5) the convenience of the parties. *ORD Structure*, 2011 WL 4435667, at *2. In conducting this inquiry, courts consider whether witnesses, proofs, and events are located substantially closer to one forum than the other. *E.g.*, *Craik*, 37 F. Supp. 3d at 960–62 (factors favored transfer where material events, proofs, and party and non-party witnesses were closer to the transferee district). These "convenience" factors strongly favor transfer to the Southern District of New York.

#### A. Plaintiff's Choice Of Forum Is Entitled To Minimal, If Any, Deference.

Plaintiff's choice of forum in this District bears minimal weight in this putative class action because Plaintiff does not reside here, none of the putative class members reside here, and the conduct giving rise to this action did not occur here. Plaintiff's choice of forum is given less weight than it otherwise would where "the chosen forum is not Plaintiff's home forum, Plaintiff represents a class, and the conduct giving rise to the cause of action did not conclusively occur in Plaintiff's chosen forum." *Chambers v. N. Am. Co. for Life & Health Ins.*, No. 1:11-CV-3528, 2011 WL 5868214, at *3 (N.D. Ill. Nov. 18, 2011); *see also Spanier v. State Farm Mut. Auto. Ins. Co.*, No. 16-C-9410, 2017 WL 1833200, at *2 (N.D. Ill. May 8, 2017). In this case, Illinois is not Plaintiff's home forum; Texas is. Plaintiff also purports to represent a class, none of which reside in Illinois; rather, a substantial number of the putative members are located in New York, where EYP is headquartered. (Kaseff Decl. at ¶¶ 7-

11

8.) And, the conduct giving rise to Plaintiff's claims did not conclusively occur in Illinois. In fact, Plaintiff has alleged *no conduct* that took place in Illinois. Thus, Plaintiff's choice of forum in Illinois should be given little weight. *Spanier*, 2017 WL 1833200, at *2 ("This is a class action brought by a named plaintiff who resides outside of Illinois, so the factor bears minimal weight.").

  **B.** **The Bulk Of The Material Events Took Place In New York.**

As alleged in the Complaint, a substantial portion of the material events at issue occurred in New York. Plaintiff alleges that, among other things: (i) Long Point Capital, Long Point Capital Fund II, Long Point Capital Partners II, Long Point Capital Fund III, and Long Point Capital Partners III reside within the SDNY (Cmplt. ¶¶ 20-24); (ii) EYP is a New York-headquartered company (Cmplt. ¶ 25); (ii) the ESOP is administered by EYP (*id.* ¶ 38); (iii) EYP and/or the "Defendant Shareholders," i.e., all of the Long Point entities, provided the "unreasonably optimistic" financial projections that allegedly caused Plaintiff's injury (*id.* ¶ 56); (iv) these projections were allegedly inaccurate due in part to the loss of business from SUNY Polytechnic Institute, a New York institution (*id.*); and (v) Plaintiff seeks recovery of sums the Long Point "Defendant Shareholders" allegedly received in New York (*id.* ¶¶ 107-12).

By contrast, this dispute's only alleged connection to Illinois is that GreatBanc was headquartered in Illinois. But even that connection to the transaction is tenuous. The primary relevant GreatBanc witness who was involved with the ESOP Transactions resides in California. (Kaseff Decl. at ¶¶ 2, 4.) This minimal Illinois connection pales in comparison to the substantial New York nexus in this dispute. The "situs of the material events" factor strongly favors transfer.

  **C.** **New York Courts Have Greater Relative Access To The Proofs.**

This dispute will likely focus in large part on corporate records and other documents relating to EYP's financials, the trustee's due diligence, preparation of SRR's valuation, and similar topics. Evidence regarding New York-headquartered EYP's business and corporate records relevant to the

12

dispute, including any non-electronic evidence, is likely to be overwhelmingly located in New York. *Plotkin v. IP Axess, Inc.*, 168 F. Supp. 2d 899, 903 (N.D. Ill. 2001) (factor favored transfer to location of corporate records).

### D. A New York Forum Is More Convenient For The Witnesses.

The location of third-party witnesses "should be given more consideration than party witnesses under this factor, since party witnesses normally must appear voluntarily." *Jaramillo*, 664 F. Supp. 2d at 915. Potential third-party witnesses include: (i) current and former directors of EYP involved in the 2016 ESOP Transactions, many of whom reside in New York, and none in Illinois (Starr Decl. at ¶¶ 10-14); (ii) current and former members of EYP management involved in the 2016 ESOP Transactions, many of whom reside in New York and none in Illinois (Kaseff Decl. at ¶¶ 6-8); (iii) SRR employees some of whom are located in New York (*id.* at ¶ 9); and (iv) K&L Gates attorneys located in Pennsylvania (to the extent their testimony is not privileged) (*id.* at ¶ 10).

All of the directors of EYP and its main subsidiaries involved in the ESOP Transactions, including three Long Point Capital employees, are *already defendants* in the SDNY Class Action, and the majority of them reside in New York. Absent transfer these individuals will be asked to participate in discovery and other proceedings in two different jurisdictions, when they are facing claims in one of the jurisdictions and only that jurisdiction, the SDNY, can adjudicate claims against them. Moreover, many of these third-party witnesses would likely be inconvenienced by proceeding in Illinois, may even be unwilling to travel to Illinois to testify, and are outside the subpoena power of this Court. Courts recognize that "common sense suggests that the litigation will move more quickly in a venue close to key witnesses and evidence, and where such witnesses are within the courts subpoena power." *Siegel v. HSBC Holdings, plc*, 283 F. Supp. 3d 722, 733 (N.D. Ill. 2017) (internal quotations and citation omitted). Thus, the location of witnesses strongly favors transfer.

13

### E. A New York Forum Is More Convenient For The Parties.

In a class action, "[i]n considering the convenience of the parties, the court is most concerned with the convenience of the putative class members whom plaintiff seeks to represent." *Sickman v. Asset Recovery Sols., LLC*, No. 14-C-9748, 2015 WL 1911431, at *3 (N.D. Ill. Apr. 27, 2015). Plaintiff alleges no basis to conclude this Court is a more convenient for the proposed class than the Southern District of New York. To the contrary, as EYP is headquartered in New York and has no office within 500 miles of this Court, New York will likely be more convenient for the bulk of proposed class members if the class is certified.

GreatBanc is the only party—Plaintiff, putative class member, or Defendant—with any connection to Illinois. GreatBanc agrees that resolving this action in New York—where EYP is headquartered, the related SDNY Class Action was brought, and many of the material events, witnesses, and evidence are located—will be more convenient for all parties than proceeding in this Court.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that their Motion be granted and that this action be transferred to the U.S. District Court for the Southern District of New York.

Dated: April 7, 2021                                  Respectfully submitted,

**GREATBANC TRUST COMPANY**                           **LONG POINT CAPITAL, INC., LONG POINT CAPITAL FUND II, L.P., LONG POINT CAPITAL PARTNERS II, L.P., LONG POINT CAPITAL FUND III, L.P., LONG POINT CAPITAL PARTNERS III, L.P.,**

/s/ Nicholas H. Callahan

Roger H. Stetson
Nicholas H. Callahan
David B. Lurie
BARACK FERRAZZANO
 KIRSCHBAUM & NAGELBERG LLP
200 W. Madison Street, Suite 3900
Chicago, Illinois 60606
Tel: (312) 984-3100
Fax: (312) 984-3150
roger.stetson@bfkn.com
nick.callahan@bfkn.com
david.lurie@bfkn.com

/s/ Chelsea Ashbrook McCarthy
Chelsea Ashbrook McCarthy
HOLLAND & KNIGHT LLP
150 N. Riverside Pl., Suite 2700
Chicago, IL 60606
(312) 715-5768
chelsea.mccarthy@hklaw.com

15

## CERTIFICATE OF SERVICE

The undersigned, an attorney, states that on April 7, 2021, a copy of the foregoing **MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO TRANSFER VENUE** was served upon all counsel of record electronically by ECF filing within the United States District Court, Northern District of Illinois.


Dated: April 7, 2021                                          /s/ Nicholas H. Callahan